UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAUL ANTHONY SAMPAY | * | CIVIL ACTION |
| VERSUS | * | NO. 22-1173 |
| TERREBONNE PARISH 32ND JUDICIAL COURT, ET AL | * | SECTION "D" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Paul Anthony Sampay filed this prisoner civil rights complaint *pro* se and *in forma pauperis* pursuant to 42 U.S.C. § 1983 against Defendants Terrebonne Parish 32nd Judicial Court, Judge Randall Bethancourt, District Attorney Joseph L. Waitz, Jr., and Assistant District Attorney Jay Luke based on allegations that his bond should now be considered excessive and the refusal to reduce it is a violation of his Eighth Amendment rights.  ECF No. 4, at 1, 2; No. 4-2, at 1.  At the time of filing, Plaintiff was incarcerated in Terrebonne Parish Criminal Justice Complex in Houma, Louisiana.  ECF No. 4-2, §II(A), at 2.

This matter was referred to the undersigned magistrate judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B); E.D. La. L.R. 73.2(A).

## I.   FACTUAL BACKGROUND

Plaintiff alleges that, after his arrest on a felony charge, his bond was set at $150,000.  ECF No. 4, ¶ IV, at 3.  The felony charge has been dropped, and he is now charged with only a misdemeanor, but the bond amount has not changed.  *Id.*  Plaintiff contends that he has been incarcerated for three years.  *Id.*

As relief, he seeks to be relieved of his bond obligations on all charges and compensation for pain and suffering, lost time, mental anguish, and mental health treatment. *Id.*

## II.    **LEGAL STANDARDS**

### A.    **Statutorily Required Screening**

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[1]  A claim is frivolous if it "lacks an arguable basis in law or fact."[2]  A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[3]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[4]  A court may not dismiss a claim simply because the facts are "unlikely."[5]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[6]  The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[7]  The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin v. Scott*, 156 F. 3d 578, 579-80 (5th Cir. 1998).

[2] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[3] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

[4] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

[5] *Id.*

[6] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[7] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[8]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[9] Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[10]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. PROC. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[11] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and §1915(e).[12] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[13]

---

[8] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and quoting *Twombly*, 550 U.S. at 544).

[9] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).

[10] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

[11] *Moore*, 976 F. 2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

[12] *Id.*

[13] *Id.*

### B.    Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[14]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[15]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)    deprivation of a right secured by the U.S. Constitution or federal law;
(2)    that occurred under color of state law; and
(3)    was caused by a state actor.[16]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[17] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[18]  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

---

[14] 42 U.S.C. § 1983.

[15] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).

[16] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).

[17] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).

[18] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).

III.  **ANALYSIS**

A.  **Improper Defendants**

Plaintiff's Complaint appears to name four defendants, though it is not entirely clear that he attempts to name the 32nd Judicial District Court itself as a defendant or simply describes the other defendants by their roles with that court.  Regardless, none of them are proper defendants for purposes of liability under § 1983.  Accordingly, Plaintiff's claims against them are frivolous.

1.  **32nd Judicial District Court**

As outlined above, to state a claim under § 1983, a plaintiff must allege that a defendant was acting under color of state law when his constitutional rights were violated.[20]  To the extent Plaintiff intended to sue the 32nd Judicial District Court itself, it has long been recognized that "state courts are not considered 'persons' within the meaning of § 1983."[21]

Further, the 32nd Judicial District Court also is not an entity with juridical capacity, *i.e.* a suable entity, under Louisiana law and is not a proper defendant under Fed. R. Civ. Proc. 17(b)(2).[22]  Even if the court could be sued, claims against the court, as a division or agency of the State, would barred by the Eleventh Amendment for the reasons addressed above.[23]  Accordingly,

---

[20] *Daniels v. Williams*, 474 U.S. 327 (1986); *James v. Texas Collin County*, 535 F. 3d 365, 373 (5th Cir. 2008); *Calhoun v. Hargrove*, 312 F. 3d 730, 734 (5th Cir. 2002).

[21] *Moity v. La. St. Bar Assoc.*, 414 F. Supp. 180, 182 (E.D. La.), *aff'd*, 537 F.2d 1141 (5th Cir. 1976); *Dunn v. Louisiana*, No. 10-4519, 2011 WL 446651, at *3 (E.D. La. Jan. 20, 2011), *report and recommendation adopted*, 2011 WL 445684, at *1 (E.D. La. Feb. 3, 2011); *Thompson v. St. Bernard Par. Ct.*, No. 09-4465, 2010 WL 110797, at *3 (E.D. La. Jan. 11, 2010); *Stewart v. Crim. Dist. Ct. of Louisiana*, No. 08-3731, 2008 WL 4758610, at *2 (E.D. La. Oct. 30, 2008); *Knight v. Guste*, No. 07-1124, 2007 WL 1248039, at *3 (E.D. La. Apr. 27, 2007).

[22] *See Griffith v. Louisiana*, 808 F. Supp. 2d 926, 934 (E.D. La. 2011) ("[A] Louisiana state court does not qualify as a juridical person and thus lacks the capacity to be sued."); *Durden v. Bryson*, No. 17-214, 2017 WL 4855437, at *2 (W.D. La. Sep. 26, 2017), *report and recommendation adopted by* 2017 WL 4847783, at *1 (W.D. La. Oct. 25, 2017); *Chisom v. Edwards*, No. 86-4075, 2012 WL 13005340, at *7-9 (E.D. La. Aug. 6, 2012); *Swift v. Juvenile Court*, No. 2009-1182, 2010 WL 786031 (La. App. 3d Cir. Mar. 10, 2010) (finding "that the law does not grant a juvenile court the procedural capacity to sue or be sued.").

[23] *See, e.g.*, *Dunn*, 2011 WL 446651, at *3; *Wilkerson v. 17th Jud. Dist. Ct.*, No. 08-1196, 2009 WL 249737, at *3-4 (E.D. La. Jan. 30, 2009); *Rackley v. Louisiana*, No. 07-504, 2007 WL 1792524, at *3 (E.D. La. Jun. 21, 2007); *see*

Plaintiff's § 1983 claims against the 32nd Judicial District Court must be dismissed pursuant to § 1915(e) and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

### 2. Claims Against Judge Bethancourt

To the extent Plaintiff intended to name as a defendant Judge Bethancourt, the judge presiding over his criminal case, his claims fare no better, whether he intended to assert the claims against Judge Bethancourt in his individual or official capacity.

#### a. Individual Capacity

Judicial officers enjoy absolute judicial immunity for acts performed within their jurisdictional authority.[24] The Federal Courts Improvement Act of 1996 ("FCIA") amended § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."[25] Thus, injunctive relief not based on violation of a declaratory decree is unavailable against a judge in his or her role as a judicial officer, whether individually or in an official capacity.[26]

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when

---

*also Jefferson v. La. St. Sup. Ct.*, No. 01-31275, 2002 WL 1973897 (5th Cir. Aug. 9, 2002) ("The Eleventh Amendment clearly bars Jefferson's § 1983 claims against the Louisiana Supreme Court, which is a branch of Louisiana's state government.") (citing *Southern Christian Leadership Conference v. Sup. Ct. of State of La.*, 252 F.3d 781, 783 n.2 (5th Cir. 2001)).

[24] *See Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996).

[25] 42 U.S.C. § 1983.

[26] *LeClerc v. Webb*, 419 F.3d 405, 414 (5th Cir.2005) (recognizing that the FCIA of 1996 precludes injunctive relief for suits against a judicial officer acting in a judicial capacity); *Guerin v. Higgins*, 8 F. App'x 31, 32 (2d Cir. Apr. 11, 2001) (unpublished); *Nollet v. Justices of the Trial Ct. of the Commonwealth of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); accord *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limited relief available from a judge to declaratory relief); *cf. LaBranche v. Becnel*, 559 F. App'x 290 (5th Cir. 2014) (recognizing that even when judicial immunity does not bar claims for injunctive relief, relief can be granted because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties) (citing *Moye v. Clerk, DeKalb County Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)).

he has acted in the 'clear absence of all jurisdiction.'[27]  "Disagreeing with a judge's actions does

not justify depriving that judge of his or her immunity."[28]  Instead, absolute judicial immunity is

overcome in only two narrow circumstances, neither of which would apply here.[29]  First, a judge

is not immune from liability for non-judicial actions, i.e. actions outside of the judge's judicial

role.[30]  Second a judge is not immune for actions, though judicial in nature, taken in complete

absence of all jurisdiction.[31]

> To determine whether a judge's actions are "judicial in nature," a court considers:
>
> (1)    whether the precise act complained of is a normal judicial function;
> (2)    whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers;
> (3)    whether the controversy centered around a case pending before the court; and
> (4)    whether the acts arose directly out of a visit to the judge in an official capacity.[32]

In sum, "[a] judge's acts are judicial in nature if they are 'normally performed by a judge' and the

parties affected 'dealt with the judge in his judicial capacity.'"[33]

Plaintiff does not complain of any actions taken by Judge Bethancourt that were non-

judicial in nature or taken in clear absence of all jurisdiction.  He instead merely disagrees with

the judicial officer's bond decision taken in direct connection with his criminal case.  A judge's

decision regarding the amount of bond is inextricably intertwined with official functions and duties

---

[27] *Mays*, 97 F.3d at 111; *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant.") (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991)).

[28] *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump v. Sparkman*, 435 U.S. 349, 363 (1978)).

[29] *Mireles*, 502 U.S. at 11-12.

[30] *Id.*

[31] *Id.*

[32] *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)).

[33] *Boyd*, 31 F.3d at 285 (quoting *Mireles*, 502 U.S. at 12).

as presiding judicial officers.  As such, plaintiff's § 1983 claim against Judge Bethancourt in his individual capacity fails due to the absolute judicial immunity that the Judge enjoys.[34]

### b.  Official Capacity

Any claim brought against Judge Larose in his official capacity fails for two reasons.  First, the Judge setting bail is acting as a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of § 1983.[35]  Second, because an official-capacity claim against the Judge is, in reality, a claim against the state itself, any such claim is barred by the Eleventh Amendment.[36]

Plaintiff's § 1983 claims against Judge Bethancourt must be dismissed pursuant to § 1915(e) and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

### 3.  Claims Against DA Waitz and ADA Luke

Plaintiff does not indicate whether he seeks to sue the Terrebonne Parish district attorneys in their individual or official capacity.  Regardless, the claims fail as a matter of law.[37]

### a.    Official Capacity

A claim against the District Attorney in his official capacity is suit against Terrebonne Parish, the entity he represents.[38]  In that respect, "municipalities cannot be held liable for

---

[34] *Stump v. Sparkman*, 435 U.S. 349 (1978); *Graves v. Hampton*, 1 F.3d 315, 317-18 (5th Cir. 1993).

[35] *Daves v. Dallas County, Texas*, 22 F.4th 522, 535-41 (5th Cir. 2022); *Washington v. Louisiana*, No. 09-CV-3186, 2009 WL 2015556 at *5 (E.D. La. Jun. 30, 2009).

[36] *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *Doris v. VanDavis*, No. 08-CV-4138, 2009 WL 382653 at *2 (E.D. La. Feb. 12, 2009).

[37] *See Warnock v. Pecos County, Tx.*, 88 F.3d 341, 343 (5th Cir. 1996).

[38] *Connick v. Thompson*, 563 U.S. 51, 59-60 (2011) (a district attorney in Louisiana is a Parish official and claims against Orleans Parish District Attorney in an official capacity are addressed under the standards of *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)); *Burge v. Par. of St. Tammany*, 187 F. 3d 452, 470 (5th Cir. 1999) ("For purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities."); *see also Owen v. City of Independence*, 445 U.S. 622, 638 (1980) (refusing to apply immunities for personal liability to *Monell* claims against local governments because "there is no tradition of immunity for municipal corporations").

constitutional torts under § 1983 'on a respondeat superior theory,' but they can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"[39]  Thus, to state a non-frivolous claim against a district attorney in an official capacity, the plaintiff must establish that the named defendant is a final Parish policymaker and identify a Parish policy or custom which allegedly caused the deprivation of his constitutional rights.[40]

Plaintiff has not alleged that either District Attorney Waitz or Assistant District Attorney Lake is the final policy-maker for the Parish, nor has Plaintiff identified a Terrebonne Parish policy involved in his detention that caused him constitutional injury.  He, therefore, has not asserted a *Monell* claim against these defendants, and his claims, if any, against them in their official capacity are frivolous and otherwise fail to state a claim for which relief can be granted.  The claims should be dismissed pursuant to 28 U.S.C. § 1915(e), § 1915A.

b.    Individual Capacity

Plaintiff's claims against Waitz and Lake are based on their purported actions in bringing criminal charges against him that resulted in his pretrial detention, which are protected actions taken within the scope of employment their employment as District Attorney and Assistant District Attorney.  To the extent he purports to assert claims against them in their individual capacities, they enjoy absolute immunity from suit for monetary damages under § 1983 related to his role and actions as a prosecutor.[41]

---

[39] *Burge*, 187 F. 3d at 470 (quoting *Monell*, 436 U.S. at 691).

[40] *Rinker v. New Orleans Dist. Atty.*, No. 10-CV-0810, 2010 WL 2773236 at *4-5 (E.D. La. Jun. 15, 2010), *R.&R. adopted*, 2010 WL 2773383, at *1 (E.D. La. Jul. 12, 2010) (citing *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003)).

[41] *See Imbler v. Pachtman*, 424 U.S. 409 (1976); *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016); *Beard v. Wolf*, No. 13-4772, 2014 WL 3687236 at *2-3 (E.D. La. Jul. 22, 2014).

"A prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'"[42]  Furthermore, "[a] prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."[43]  The prosecutorial immunity also applies during "actions apart from the courtroom."[44]

Plaintiff's claims against Waitz and Lake for unlawful pretrial detention are barred by prosecutorial immunity.  These claims should be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and for being asserted against an immune defendant.

### B.  Habeas Relief

To the extent that Plaintiff's complaint can be read to challenge the fact and duration of his confinement, he must pursue that claim on habeas corpus grounds.[45]  However, a habeas request is not properly asserted or sought in this civil rights action.  Further, because Sampay has not "name[d] as the Defendant/Respondent herein the individual who has custody of him, he [has made] made no showing of having exhausted available state-court remedies, and his release from custody is not an available remedy under § 1983."[46]  Sampay would have to present any habeas

---

[42] *Esteves v. Brock*, 106 F. 3d 674, 676 (5th Cir. 1997) (quoting *Imbler*, 424 U.S. at 430-31); *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009).

[43] *Kerr v. Lyford*, 171 F. 3d 330, 337 & n.10 (5th Cir. 1999), *abrogated in part on other grounds by Castellano v. Fragozo*, 352 F. 3d 939 (5th Cir. 2003); *Champluvier v. Couch*, 309 F. App'x 902, 903 (5th Cir. 2009).

[44] *Imbler*, 424 U.S. at 431 n.33.

[45] *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986).

[46] *See Smith v. Lafourche Par.*, No. 21-1714, 2021 WL 4975698, at *3 (E.D. La. Sep. 30, 2021) (discussing when habeas relief can be granted), *R.&R. adopted,* 2021 WL 4972374, at *1 (E.D. La. Oct. 26, 2021); *accord Lerille v.*

claims he may have in the proper habeas corpus proceeding, not this § 1983 complaint or disguised as a request for mandamus relief.

## IV.    <u>CONCLUSION</u>

Plaintiff's claims against Terrebonne Parish 32nd Judicial Court, Judge Randall Bethancourt, District Attorney Joseph L. Waitz, Jr., or Assistant District Attorney Jay Luke all fail as a matter of law. They are not proper defendants under § 1983 and/or are immune from suit. Accordingly, Plaintiff's claim against all Defendants, should be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and/or for failure to state a claim for which relief can be granted because the court lacks jurisdiction and because his claims seek relief against an immune defendant.

## V.    <u>RECOMMENDATION</u>

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff Paul Anthony Sampay's § 1983 complaint against defendants, Terrebonne Parish 32nd Judicial Court, Judge Randall Bethancourt, District Attorney Joseph L. Waitz, Jr., and Assistant District Attorney Jay Luke, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

*Lafourche Par.*, No. 21-1729, 2021 WL 4975754, at *3 (E.D. La. Sep. 30, 2021), *R.&R. adopted,* 2021 WL 4972369, at *1 (E.D. La. Oct. 26, 2021).

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[47]

    New Orleans, Louisiana, this ____9th____ day of June, 2022.

 

 

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[47] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (referencing the previously applicable ten-day period for the filing of objections). Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the objection period to fourteen days.